

JUN 2 4

1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9   JOHN S. CROSWELL, III, and LINDA C.     )     3:08-CV-00445-RCJ-(VPC)
    CROSWELL,                               )
10                                          )
                      Plaintiff,            )     **ORDER**
11                                          )
    v.                                      )
12                                          )
    UNION PACIFIC RAILROAD COMPANY, et      )
13  al.,                                    )
                                            )
14                    Defendants.           )

15 ────────────────────────────────────────

16        This is a personal injury claim for work-related injuries.  Plaintiffs John S. Croswell and

17  Linda C. Croswell sued Defendants Union Pacific Railroad Co. ("Union Pacific"), M-I Swaco,

18  M-I Drilling Fluids International Inc., M-I, L.L.C., a Nevada limited liability company, and M-I,

19  L.L.C., a Delaware limited liability company (collectively, "Defendants"), alleging negligence

20  under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 *et seq.* ("FELA"), state-law

21  negligence, and loss of consortium.  Presently before the Court is Defendants first motion in

22  limine (*see* #50).  Plaintiffs have opposed Defendants' motion (#58).  The Court heard oral

23  argument on June 11, 2010.  The Court now issues the following order.  Defendants' first

24  motion in limine is DENIED.  The denial is without prejudice to potential jury instructions.  The

25  Court invites further briefing on the proper jury instructions relating to the issues in this motion.

26                          I. BACKGROUND

27        The nature of Plaintiffs' case is as follows.  Mr. Croswell worked for Union Pacific as

28  a brakeman. (Compl. (#1) ¶ 12).  On August 7, 2007, he was riding Union Pacific's train while

                                           1

1   working in M-I industry[1] premises located in Battle Mountain, Nevada. (*Id.*). Mr. Croswell was

2   riding on the side ladder of a boxcar. (*Id.* at ¶ 13). The train rounded a curve and headed

3   towards stacked loading pallets that were placed too close to the track. (*Id.*). Mr. Croswell

4   could not see the pallets in time to avoid them because his view was obstructed due to the

5   curve in the track. (*Id.*). He could not climb to the top of the box car to avoid the pallets

6   because the grab bars on the box car did not go up high enough. (*Id.*). There was nowhere

7   he could safely jump. (*Id.*). Mr. Croswell collided with the pallets and suffered injuries. (*Id.*

8   at ¶¶ 13–15).

9         Plaintiffs sued Defendants, alleging that Union Pacific is liable under the Federal

10   Employers' Liability Act for negligence and strict liability for failing to conform to Nevada

11   regulations and Nevada Public Service Commission orders. Plaintiffs also allege that Union

12   Pacific and M-I are liable for common-law negligence and that M-I is liable for Mrs. Croswell's

13   loss of consortium. (Compl. (#1)).

14         Union Pacific answered and asserted a cross-claim against M-I. Union Pacific alleges

15   that it is entitled to indemnification from M-I under an express agreement and under equitable

16   principles and, alternatively, entitled to contribution from M-I. (Am. Ans. (#19) 6:8–9:21). M-I

17   also answered Plaintiffs' complaint. (Ans. (#16)).

18                                        **II. LEGAL STANDARD**

19         "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the

20   practice has developed pursuant to the district court's inherent authority to manage the course

21   of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).[2]  Courts have broad discretion

22   when deciding motions in limine. *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D.

23   Ill. 2009). Evidence may be excluded only if it is inadmissible on all potential grounds. *Id.*

24

25         [1] The parties do not carefully distinguish the variously-named M-I defendants. For

26   purposes of this memorandum, "M-I" refers to all the M-I defendants.

27         [2] "In jury cases, proceedings shall be conducted, to the extent practicable, so as to
     prevent inadmissible evidence from being suggested to the jury by any means, such as

28   making statements or offers of proof or asking questions in the hearing of the jury." Fed. R.
     Evid. 103(c).

1    Otherwise, the evidentiary ruling must be deferred until trial. *Id.* at 1055–56. The party

2    moving to exclude has the burden of showing the evidence is inadmissible for all potential

3    purposes. *Id.* at 1056.

4    **III. ANALYSIS**

5    In Plaintiffs' second cause of action, they assert that Nevada Administrative Code

6    §§ 705.030 and 705.062 are statutes that are incorporated into the FELA through 45 U.S.C.

7    §§ 53 and 54a. (Compl. (#1) ¶ 18). Defendants argue that §§ 705.030 and 705.062 do not

8    constitute statutes under 45 U.S.C. §§ 53 and 54a. Plaintiffs argue that Defendants are

9    attempting a "backdoor" motion for summary judgment on this issue and that the Nevada

10   regulations should be considered "statutes."

11   Section 53 establishes a comparative negligence regime for actions against railroads

12   with a proviso that an employee's negligence shall not diminish his recovery if the railroad's

13   violation of a "statute enacted for the safety of employees contributed to the injury or death

14   of such employee." 45 U.S.C. § 53.

15   "A regulation, standard, or requirement in force, or prescribed by the Secretary of

16   Transportation under chapter 201 of Title 49, or by a State agency that is participating in

17   investigative and surveillance activities under section 20105 of Title 49 is deemed to be a

18   statute under sections 53 and 54 of this title." 45 U.S.C. § 54a. Under section 20105 of Title

19   49, "[t]he Secretary concerned may prescribe investigative and surveillance activities

20   necessary to enforce the safety regulations prescribed and orders issued by the Secretary that

21   apply to railroad equipment, facilities, rolling stock, and operations in a State. The State may

22   participate in those activities when the safety practices for railroad equipment, facilities, rolling

23   stock, and operations in the State are regulated by a State authority and the authority submits

24   to the Secretary concerned an annual certification . . . ." 49 U.S.C. § 20105(a).

25   "Section 54a of Title 45 and section 20105(a) of Title 49, when they are read together,

26   make clear that state regulations, requirements, etc., are deemed federal safety regulations

27   only when they make the state a participant in the enforcement of such regulations." *Fletcher*

28   *v. Chicago Rail Link, L.L.C.*, 568 F.3d 638, 639 (7th Cir. 2009). "Section 54a requires treating

3

1   state regulations that support or implement federal safety norms as if they were federal

2   regulations, but there is no basis for thinking that the statute goes further than that." *Id.* at

3   640. A state regulation that requires railroad vehicles to be maintained in safe conditions

4   does not implement federal safety norms and is thus not a statute for section 53 purposes.

5   *Fletcher*, 568 F.3d at 638–41. In so concluding, the Seventh Circuit reasoned that a key

6   purpose of the FELA was to create a nationally uniform law of railroads. *Id.* at 640; *see* 49

7   U.S.C. § 20106(a)(1). Thus, state laws that do not simply implement federal railroad safety

8   laws should not be treated as statutes under § 53. Otherwise, two states with identical laws

9   would afford disparate damages depending on whether they participated in the investigative

10  and surveillance activities specified in § 20105. *Fletcher*, 568 F.3d at 640.

11          Plaintiffs argue that Congress did not intend the FELA to preempt all state safety

12  regulations and specifically recognized that some state regulations may coexist with the FELA.

13  (Pl.'s Opp'n (#58) 4:14–5:19). This is not at issue. The issue is whether state regulations

14  should effect a negligent plaintiff's recovery in the same way that federal safety regulations

15  do. Plaintiffs also characterize Defendants argument as suggesting that only FRA regulations

16  may qualify as statutes under § 54(a). (Pl.'s Opp'n (#58) 5:20–6:9). This is inaccurate.

17  Defendants argue that FRA safety regulations and federal safety statutes *and* state statutes

18  and regulations that support and implement them qualify as statutes under § 54(a). Plaintiffs

19  largely rely on *Tyrrell v. Norfolk S. Ry. Co.*, 248 F.3d 517 (6th Cir. 2001). (Pl.'s Opp'n (#58)

20  8:20–9:25). But, *Tyrrell* only addressed whether an Ohio railroad safety regulation was

21  preempted by federal law, not whether it qualified as a "statute" under § 54(a) to prevent

22  reduction in damages for comparative negligence. *See Tyrrell*, 248 F.3d at 520–25.[3]

23  ///

24

25          [3] Plaintiffs also rely on non-binding, unpublished district court opinions and state court
26  opinions that hold that *any* regulation by a state agency participating in investigative and
    surveillance activities is a "statute" under § 54(a). *See Wells v. San Joaquin Valley R.R.*,
27  1:06-CV-00678, 2007 U.S. Dist. LEXIS 74729, at *12–13 (E.D. Cal. Sept. 25, 2007); *Wagner
    v. Union Pacific R.R. Co.*, No. Civ. S-03-0582, 2004 U.S. Dist. LEXIS 31117, at *3–6 (E.D. Cal.
28  July 16, 2004); *Whitley v. Southern Pacific Transp. Co.*, 902 P.2d 1196, 1202–04 (Or. Ct. App.
    1995).

1    Plaintiffs also argue that Defendants' motion is a disguised and untimely motion for
2  summary judgment. Though Defendants are not seeking an evidentiary ruling, a ruling on this
3  matter before trial will be helpful to an orderly trial as it will affect whether evidence of Mr.
4  Croswell's own negligence is relevant to damages and will influence the jury instructions.
5  Because this issue is primarily concerned with jury instructions, the Court invites further
6  briefing on the matter in regard to the proper jury instructions in this case.

7    Plaintiffs finally argue that Defendants admitted that the Nevada regulations are
8  statutes because they did not respond in their answer to Plaintiffs' allegation that the Nevada
9  regulations were incorporated through the FELA.  Defendants asserted that Plaintiffs'
10  allegation did not require a response.  Plaintiffs' allegation contained a legal conclusion. It
11  is for the Court to decide legal matters.  The parties may not alter the law by agreement.
12  Therefore, Plaintiffs' argument is unpersuasive.

13    Under Nevada Administrative Code § 705.030, most objects must be at least eight feet
14  and six inches away from the center line of a railroad track for transporting freight cars. Nev.
15  Admin. Code § 705.030(1)(i). Section 705.062 also prohibits the placement of articles within
16  eight feet and six inches from the center line of the track. Nev. Admin. Code § 705.062(1).
17  Nevada is a participant in the investigative and surveillance activities specified in § 20105.
18  (State Rail Safety Programs Managers, attached as Ex. A to Def.'s Errata to Mot. in Limine
19  (#52), http://www.fra.dot.gov/downloads/Safety/StateManagers2009.pdf). Defendants assert
20  that Nevada Administrative Code §§ 705.030 and 705.062 do not implement any federal
21  regulation or statute.  The Court has likewise found no federal statute or regulation regarding
22  minimum side clearance of railways. Plaintiffs provide quotations from the Federal Railroad
23  Administration that state that it does not proscribe clearance distances for tracks. (Pl.'s Opp'n
24  (#58) 6:10–7:1).  Therefore, any violation of Nevada Administrative Code §§ 705.030 and
25  705.062 by Defendants does not override the general comparative negligence regime under
26  the FELA.

27    To hold otherwise would lead to inconsistent results across states.  A plaintiff in
28  Nevada would be able to recover 100% of his damages despite his comparative negligence

1    if the defendant had stacked materials eight feet from the track.  But, if in another state, the

2    state regulation only mandated side clearances of seven feet, the plaintiff in that state would

3    have his recovery reduced by his comparative negligence if the defendant stacked articles

4    eight feet from the track.  This would be counter to Congress' proclamation that "[l]aws,

5    regulations, and orders related to railroad safety and laws, regulations, and orders related to

6    railroad security shall be nationally uniform to the extent practicable."   49 U.S.C.

7    § 20106(a)(1).  Though the Court has revealed its inclination to agree with Defendants,

8    because this matter may be revisited during the selection of jury instructions, the Court denies

9    the present motion without prejudice. **IV. CONCLUSION** Accordingly, IT IS ORDERED that

10   Defendants' Motions in Limine (#50) is GRANTED IN PART AND DENIED IN PART.

11       IT IS FURTHER ORDERED that Defendants' first motion in limine is DENIED.  The

12   Court also expects further briefing on the issue in Defendants' first motion in limine during the

13   selection of jury instructions.  This ruling is without prejudice to potential jury instructions.

14       IT IS SO ORDERED.

15       DATED: This 23rd day of June, 2010.

16

17

18

19       Robert C. Jones
         UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

6